# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY D. HUNTER,<br><br>    Petitioner,<br><br>v.<br><br>M. ROBERSON-BUYARD,<br><br>    Respondent. | Case No. 1:16-cv-01807-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Leroy D. Hunter is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Petitioner asserts that his nonconsensual blood draw violated the Fourth Amendment's prohibition on unreasonable searches.

For the reasons discussed herein, the Court recommends denial of the petition for writ of habeas corpus.

**I.**

**BACKGROUND**

On January 29, 2014, Petitioner pled no contest in the Kern County Superior Court to driving with a suspended license and driving with a blood alcohol content of 0.08 percent or more, causing bodily injury. Petitioner admitted two prior strikes and one prior prison term enhancement. (CT[1] 172–75). Petitioner was sentenced to an aggregate imprisonment term of

---

[1] "CT" refers to the Clerk's Transcript on Appeal lodged by Respondent on March 2, 2017. (ECF No. 16).

seven years. (CT 186). On September 24, 2015, the California Court of Appeal, Fifth Appellate District affirmed the judgment. People v. Hunter, No. F069124, 2015 WL 5635127, at *2 (Cal. Ct. App. Sept. 24, 2015). The California Supreme Court denied Petitioner's petition for review on December 9, 2015. (LDs[2] 9, 10).

On November 28, 2016, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). Respondent has filed an answer to the petition. (ECF No. 15).

## II.

## STATEMENT OF FACTS[3]

> On April 24, 2012, Lucinda Ferris was driving through an intersection when her vehicle was struck by a car being driven by defendant. Officer Rex Davenport responded to the scene of the accident and, upon approaching defendant's vehicle, observed defendant moaning and pointing to his chest. Davenport also noticed the odor of intoxicants coming from defendant's breath and person.
>
> Using defendant's identification card, Davenport learned he was on active parole for driving under the influence. Davenport relayed that information to a second officer on the scene, Richard Bittleston, who then followed the ambulance transporting defendant to the hospital, where defendant was placed under a parole hold.
>
> At the hospital, Bittleston attempted to administer field sobriety tests and a preliminary breath test to defendant, but defendant refused. Bittleston then asked if defendant would provide a blood sample, but defendant again refused. A hospital employee then administered a nonconsensual blood draw, and defendant was subsequently placed under arrest.

Hunter, 2015 WL 5635127, at *1.

## III.

## STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged convictions arise out of the Kern County

---

[2] "LD" refers to documents lodged by Respondent on March 2, 2017. (ECF No. 16).
[3] The Court relies on the California Court of Appeal's September 24, 2015 opinion for this summary of the facts of the crime. See Vasquez v. Kirkland, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).

2

Superior Court, which is located within the Eastern District of California. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (*en banc*). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Davis v. Ayala, 135 S. Ct. 2187, 2198 (2015); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Williams, 529 U.S. at 413. Thus, if a petitioner's claim has been "adjudicated on the merits" in state court, the "AEDPA's highly deferential standards" apply. Ayala, 135 S. Ct. at 2198. However, if the state court did not reach the merits of the claim, the claim is reviewed *de novo*. Cone v. Bell, 556 U.S. 449, 472 (2009).

In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. In addition, the Supreme Court decision must "'squarely address[] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA and the Court must defer to the state court's decision. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2008) (alterations in original) (quoting Wright v. Van Patten, 552 U.S. 120, 125, 123 (2008)).

///

1  If the Court determines there is clearly established Federal law governing the issue, the Court then must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A state court decision involves "an unreasonable application of[] clearly established Federal law" if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. That is, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

If the Court determines that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," and the error is not structural, habeas relief is nonetheless unavailable unless it is established that the error "had substantial and injurious effect or influence" on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation mark omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

The AEDPA requires considerable deference to the state courts. The Court looks to the last reasoned state court decision as the basis for the state court judgment. See Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015); Johnson v. Williams, 133 S. Ct. 1088, 1094 n.1 (2013); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Walker v. Martel,

709 F.3d 925, 939 (9th Cir. 2013). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). The federal court must review the state court record and "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

## IV.
## REVIEW OF CLAIM

In his sole claim for relief, Petitioner asserts that the nonconsensual blood draw violated the Fourth Amendment's prohibition on unreasonable searches. (ECF No. 1 at 5).[4] Respondent argues that Petitioner's search and seizure claim is barred from federal habeas relief pursuant to Stone v. Powell, 428 U.S. 465 (1976). (ECF No. 15 at 8–9).

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494. See Newman v. Wengler, 790 F.3d 876, 881 (9th Cir. 2015) (holding Stone survived enactment of the AEDPA). The only inquiry this Court can make is whether Petitioner had a full and fair opportunity to litigate his claim. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did, in fact, do so, or even whether the claim was correctly decided.") (citations omitted).

In the instant case, Petitioner raised this Fourth Amendment claim in a motion to suppress. (CT 132–42). After an evidentiary hearing on the matter, the state trial court denied the motion. (CT 156; 1 RT[5] 35). Petitioner also raised the claim on direct appeal to the California

---
[4] Page numbers refer to the ECF page numbers stamped at the top of the page.
[5] "RT" refers to the Report's Transcript lodged by Respondent on March 2, 2017. (ECF No. 16).

Court of Appeal, Fifth Appellate District, which denied the claim in a reasoned decision. <u>Hunter</u>, 2015 WL 5635127, at *2. The claim was also raised in the petition for review, which the California Supreme Court summarily denied. (LDs 9, 10). The Court finds that the state courts provided Petitioner with a "full and fair opportunity to litigate" his Fourth Amendment claim. <u>Stone</u>, 428 U.S. at 494. Accordingly, Petitioner is not entitled to habeas relief, and the petition should be denied.

**V.**

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 1, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

6